UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. FINFROCK,

                    Plaintiff,

vs.                                Case No.  2:09-cv-630-FtM-29SPC

STATE OF FLORIDA, GEO, TIMOTHY BUDZ,
FCCC, DR. EMANOILIDIS, TST HAYNES,
DCF, GEORGE SHELDON, SUZONNE KLINE,
GARY THOMPSON,

                    Defendants.
_____


**<u>ORDER OF DISMISSAL</u>**

**I.**

        This matter comes before the Court upon initial review of the

file.  Plaintiff, who is proceeding *pro se* and currently a civil

detainee at the Florida Civil Commitment Center (hereinafter

"FCCC"), initiated this action by filing a Civil Rights Complaint

(Doc. #1, Complaint) on September 21, 2009.  Plaintiff accompanied

the filing of his Complaint with a motion to proceed *in forma*

*pauperis*.  <u>See</u> Affidavit of Indigence (Doc. #4).  Despite

Plaintiff's non-prisoner status,[1] before the Court grants Plaintiff

_____

        [1]The Court recognizes that certain portions of the Prison
Litigation Reform Act are not applicable to Plaintiff as a civil
detainee.  <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002).
The United States Court of Appeals for the Eleventh Circuit
previously found that a district court did not error by dismissing
a Complaint filed by a civil detainee for failure to state a claim
under the *in forma pauperis* statute, 28 U.S.C. Section 1915
(e)(2)(B).  <u>Id.</u> at 1260.  Other courts have also found that section
1915(e)(2)(B) is not limited to prisoners, but applies to all
(continued...)

*in forma pauperis* in this action, the Court is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. <u>Id.</u> at 325; <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u>, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. <u>Bilal</u>, 251 F.3d at 1349.

---

[1](...continued)
persons proceeding *in forma pauperis*. <u>See</u> <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001).

Plaintiff identifies the following Defendants: the State of Florida, Timothy Budz, GEO, FCCC, Dr. Emanoilidis, T.S.T Haynes, Department of Children and Families, George Sheldon, Suzonne Kline, and Gary Thompson. Complaint at 1. Plaintiff sues the Defendants in their official and individual capacities. Id. The Complaint sets forth the following facts, which are accepted as true for purposes of this Order.

On March 13, 2009, while at the FCCC, Plaintiff was placed "in confinement" and then moved to "wing restriction" on March 17, 2009. Id. at 3, ¶1. Plaintiff submits that he "ha[d] done nothing to deserve the illegal confiscation of his Jump Drive and Legal work . . . without a valid search warrant to do so." Id. Plaintiff further states that he has "suffered by his illegal detention by not being allowed to participate in [c]hurch services, [g]roups for treatment, which would have otherwise keep [sic] him in the facility longer th[a]n needed and is even denied medical care and appointments to doctors." Id. at 4, ¶2. Plaintiff argues that the Defendants violated his "Rights to Due Process and Equal Protection of the Laws." Id. at ¶1.

As relief, Plaintiff requests a "preliminary injunction" to be issued against "respondents and their cohorts prohibiting them in acting in reprisal towards Plaintiff." Id. at 5. Additionally, Plaintiff seeks $150,000 "in damages for the needless pain and mental anguish [he] has been forced to endure by the [Defendants]

wanton disregards in violating [Plaintiff's] Civil and Constitutional Rights." Id.

### III.

Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To articulate a claim under § 1983, plaintiff must allege that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F. 2d 1370, 1380-1381 (11th Cir. 1982).

### IV.

At the outset, Plaintiff signed "under the penalty of perjury" that "there are no other lawsuits in any Court at this time concerning the Fact and Nature of this issue involved in this action." However, the Court notes that Plaintiff filed 2:09-cv-629 on the same date as the action *sub judice*, which concerns substantially the same allegations stemming from Plaintiff's

confinement on March 19, 2009.[2]  See Complaint at 2; 2:09-cv-629-
29DNF.  In both actions, Plaintiff claimed his rights under the Due
Process and Equal Protection Clauses were violated.  And, Plaintiff
sought the same relief in the two actions.  Id.  The Courts have
the authority to manage matters pending before them.  This Court
refuses to tolerate false responses or incomplete statements in any
pleading or motion filed for consideration by the Court.  The
quality of justice is threatened when the Court cannot rely on
statements and/or responses submitted by parties.  Plaintiff has
provided either a false or incomplete response on the Complaint *sub
judice*.  The Court finds Plaintiff's failure to provide complete
and truthful responses on the Complaint is an abuse of the judicial
process.  For this reason alone, the Complaint is subject to
dismissal.

Turning to the merits of the case, the Complaint is
nevertheless subject to dismissal because it is frivolous and
otherwise fails to state a claim upon which relief can be granted.
The Complaint also falls short of the minimum pleading requirements
set forth under Federal Rule of Civil Procedure 8.  Federal Rule of
Civil Procedure 8(a) requires that pleadings include a short and
plain statement of facts showing that the pleader is entitled to

---

[2]Notably, the Complaint filed in 2:09-cv-629 names different
Defendants, but the basis of the claim stemmed from the same
incident on March 13, 2009.  Plaintiff also filed a Petition for
Writ of Habeas Corpus stemming from the same incident on March 13,
2009.  2:09-cv-628.

relief.  <u>See</u> Fed. R. Civ. P. 8(a)(1)-(2).  Plaintiff vaguely
alleges that he was denied medical and dental treatment, but does
not explain his medical or dental conditions that required
treatment, or that he even requested treatment for such conditions.
<u>See</u> Complaint.

Plaintiff does not claim that any of the Defendants personally
participated in a violation of his federal constitutional rights.
Instead, Plaintiff attempts to attribute liability on Timothy Budz,
GEO, FCCC, Dr. Emanoilidis, TST Hayes, DCF, George Sheldon, Suzonne
Kline, and Gary Thompson because "they all ha[d] been made aware of
the circumstances thereof and [did] nothing to correct it."
Complaint at 4.  To the extent these Defendants act as supervisors,
they can only be liable for an act of a subordinate if they
"personally participated in the allegedly unconstitutional conduct
or if there is a 'causal connection between [his] actions . . . and
the alleged constitutional deprivation.'"  <u>West v. Tillman</u>, 496
F.3d 1321, 1328 (11th Cir. 2007)(quoting <u>Cottone v. Jenne</u>, 326 F.2d
1352, 1360 (11th Cir. 2003)).  The causal connection can be
established "when a history of widespread abuse puts the
responsible supervisor on notice of the need to correct the alleged
deprivation, and he fails to do so [,]" or when a custom or policy
of the supervisor results in deliberate indifference to
constitutional rights.  <u>Cottone</u>, 326 F.2d at 1360. Here, the
Complaint is too vague and conclusory to establish supervisory
liability.

Last, the Court finds that Plaintiff is not entitled to preliminary injunctive relief. Plaintiff has completely failed to address any of the four factors to warrant the issuance of a preliminary injunction as required by Local Rule 4.05(b)(4). <u>Wall v. Ferrero</u>, 142 Fed. Appx. 405 (11th Cir. 2005).[3]

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED without prejudice** for the reasons set forth herein.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of October, 2009.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

---

[3]Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."